## Orne, Appellant, *v.* Sullivan.

A contracted with B to purchase and improve lands, and it was stipulated, that if A did not see proper to buy said lands at a price to be agreed upon by the parties, then B was to pay so much for the improvements as two disinterested persons should say they were worth. The price could not be agreed on, and B refused to choose a person to value the improvements, but selected a person to survey the land. A selected another person to survey and appraise. The two persons thus appointed surveyed and valued the improvements at 584 dollars. A brought an action of *assumpsit* on the agreement; and B demurred to the evidence. The jury in a conditional verdict, assessed the plaintiff's damage at 636 dollars and 14 cents. The court overruled the demurrer and gave judgment for the plaintiff in the last mentioned sum.

By the court: B was bound to appoint a person to appraise the improvements. His acts amounted to a refusal to choose an appraiser, which authorised A to have the improvements valued. B could not defeat the contract by failing or refusing to choose a person to value. Every thing is to be taken most strongly against him on whom the obligation rests. A having done all in his power, the justice of the cause is manifestly with him, and for these reasons the judgment must be affirmed.

APPEAL from the circuit court of the county of Pontotoc.

Gholson, for the appellant.

Miller, *contra*, cited Gibson and Johnson *v.* Hunter, 2 Hen. Black. Rep. 187; Cocksedge *v.* Fanshaw, Doug. Rep. 119; Vere *v.* Lewis, 3 Term Rep. 182; 1 Starkie on Evidence, 467; 15 Serg. & Rawle, 227; 2 Call, 555, and 574; 5 Rand. Rep. 1; 3 Leigh, 147; 4 Rand. 352; 3 Ibid. 68.

Mr. Chief Justice Sharkey delivered the opinion of the court.

Sullivan brought this action on a special contract entered into between himself and Orne, concerning improvements to be made on a tract of land which belonged to Orne. That portion of the agreement which it is necessary to consider in order to settle the question made for adjudication, is in these words: " And if the

14*

[Orne, Appellant, *v.* Sullivan.]

said Sullivan shall not think proper to buy said lands at such price as they may fix thereon, then, and in that case the said Orne agrees to pay him the said Sullivan, so much for the improvements that he may make on said two sections of land, as two disinterested persons may value said improvements to be worth."

As there was a demurrer to the evidence, it will be necessary to collect the substance of what was proved, and then make an application of the law of the contract. Watts, the agent of Sullivan, stated that improvements had been made on the land; that he called on Orne at the request of Sullivan, and stated to him that he wished to settle the matter. Orne stated to him, that he had selected Pinson on his part to survey the land, and the witness replied, that he selected Hodges. Orne then said that all they (Pinson and Hodges) would have to do would be to survey the lands; that they (meaning himself and others) have fixed rules for valuing improvements. That after a valuation had been made by Pinson and Hodges, he called on Orne with it, who objected to pay, and stated that he had only authorised Pinson to survey the land, and not to estimate the value. Pinson was then introduced, and proved that he was notified by Watts, of his appointment to value the improvements. Witness and Hodges, appointed a day to attend to it, and when they were about doing so, the witness called on Orne to know whether he would go; he replied that it was not worth while, that all they had to do was to survey the land. Witness returned to Watts, and informed him what Orne said, and was answered, that they had an agreement, which they examined, and concluded it was their duty to value the improvement, and he again informed Orne of their determination, who again stated that they were only to measure the land, and that they had a rule by which to pay for the improvements, and again said that it was not worth his while to go. The witness and Hodges, then went and valued the improvements.

We must first give a fair interpretation of the contract, and see what was to be done by each party before the other could be bound. The agreement was, to pay so much as two disinterested persons should say the improvements were worth. It was therefore a matter wholly immaterial whether Orne had rules for fixing the value or not. It was not the contract that his rules should

[Orne, Appellant, *v.* Sullivan.] ·

govern. How were these disinterested persons to be chosen? No mode was agreed on, and it must, therefore, have been the intention that one should be chosen by each party, but Orne could not defeat the contract by failing or refusing to choose; and if he so failed, or refused on request for that purpose, then Sullivan's power to have the valuation made must be undisputed. A different construction would place it in the power of Orne, to defeat the right to recover, by refusing or failing to select an arbitrator. We have only to determine, therefore, whether he so far failed or refused, as to justify Sullivan in having the appraisement made. No positive refusal is shown, but still it may be implied from his acts. He was called on by the agent of Sullivan, for the purpose of appointing an appraiser; he promptly answered that he had selected Pinson to survey the land. This remark was well calculated to mislead the agent of Sullivan, because surveying the land was no part of the contract. It might, as a preliminary step, have been necessary in order to the correct ascertainment of the value of the improvements, but it was his duty to have stated the object of the survey, and if intended merely as a preliminary measure, it was also his duty to have selected an appraiser. His reason for not doing so, is fully disclosed by the subsequent testimony. When called on by Pinson to accompany the appraisers, he stated that it was unnecessary, as they had but to survey the land, and that he then had rules, by which the improvement was to be valued. From this it is obvious, that he intended to value the improvement according to his own rules, and not to have it done according to the contract. His rules, however, could in no respect govern in the valuation, nor could the existence of such rules afford any excuse for his failure to comply with the contract. He had notice that the improvements would be appraised, and was again called on to accompany the appraisers, and again stated that he would not go, as they would have nothing to do but to survey the land. He then made no objection to the appraisers, but his opposition to any appraisement was again manifested, by his declaration that the appraisement was to be made according to the rules which he had for that purpose. This conduct was certainly tantamount to an express refusal to have the land valued, and is irreconcilable with an intention to comply

[Orne, Appellant, *v.* Sullivan.]

with the terms of the contract. He was not only requested to make an appointment of an appraiser, but was actually advised that they would appraise the land. If he thought Pinson an unsuitable person for that purpose, he had an ample opportunity to select another, and why did he not do so? The reason is manifest: he did not intend to have the improvements valued in any other way than according to his own rules. The same object was again manifested, when he was informed of the appraisement. He then stated that it was too high, and that he had rules by which to regulate the appraisement. His reply to Pinson, when informed that they had examined the contract, and thought it their duty to appraise the improvement, was equivalent to a direct refusal. The rules which he pretended to insist on can afford him no shield against the force of his contract, but this was evidently his pretext for the failure. No intimation was ever given, that he intended to appoint an appraiser, and the whole course of his conduct shows that he did not; his object being to settle the value on his own terms. As the party on whom the obligation of the contract rested, every thing is to be taken most strongly against him, but even on a fair interpretation, his acts amounted to a refusal to appoint an appraiser, and justified Sullivan in having the value fixed according to the contract; and having done all that he could, the justice of the case is manifestly with him, and for these reasons the judgment must be affirmed.